199 N.J. Super. 114 (1985)
488 A.2d 1029
EDWARD W. JOHNSON, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF AURELIA A. JOHNSON, DECEASED, AND EDWARD W. JOHNSON, INDIVIDUALLY, PLAINTIFF-APPELLANT,
v.
THE MOUNTAINSIDE HOSPITAL, RESPIRATORY DISEASE ASSOCIATES, P.A., JACK H. DADAIAN, M.D., BARRY J. WEBER, M.D., FRANK T. VALLARIO AND/OR PURITAN-BENNETT CORP., AND/OR ETC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1985.
Decided February 14, 1985.
*115 Before Judges MICHELS, PETRELLA and BAIME.
Bernard Chazen argued the cause for appellant.
George J. Kenny argued the cause for respondent The Mountainside Hospital (Connell, Foley & Geiser, attorneys, Michael P. Murphy, of counsel and on the brief).
Marjorie G. Baker argued the cause for respondents Respiratory Disease Associates, P.A., Jack H. Dadaian, M.D., Barry J. Weber, M.D., and Frank T. Vallario, M.D. (Dughi and Hewit, *116 attorneys; Robert W. Donnelly, Jr., of counsel and on the brief).
William J. O'Day argued the cause for respondent Puritan-Bennett Corp. (Haskins, Hack, Piro & O'Day, attorneys; Mr. O'Day, of counsel and on the brief).
PER CURIAM.
Plaintiff, Edward W. Johnson, individually and as executor of the last will and testament of Aurelia A. Johnson, deceased, appeals from an order of the Law Division that denied his motion to vacate prior trial court orders dismissing his complaint against defendants The Mountainside Hospital (Mountainside), Respiratory Disease Associates (Associates), Jack H. Dadaian, M.D. (Dadaian), Barry J. Weber, M.D. (Weber), Frank T. Vallario, M.D. (Vallario) and Puritan-Bennett Corp. (Puritan) in this medical malpractice and products liability action. At issue is whether the drastic sanction of dismissal should be visited upon plaintiff as a result of the gross inattention, carelessness and negligence of his attorney in prosecuting this matter.
The procedural history is not in dispute and is recounted briefly as follows. This action arises out of an incident which occurred on November 17, 1979 while plaintiff's decedent was a patient at Mountainside. Plaintiff's decedent had been placed on a respirator to assist her breathing and according to plaintiff some time on November 17, 1979 the respirator hose became disconnected and remained so for some period of time, causing decedent to sustain severe and permanent personal injuries and resulting in her death on May 7, 1980. On November 17, 1981 plaintiff, through his former attorney, John J. Cullen, Esq. (Cullen),[1] a member of the bar of New Jersey, instituted this *117 action against defendants Mountainside, Associates, Dadaian, Weber and Vallario, charging them with negligence and medical malpractice and against Puritan charging it with negligence in the manufacture, design, sale, delivery and maintenance of the respirator. Plaintiff also sued various fictitiously named manufacturers, retailers and repairmen in connection with the respirator used on decedent during her stay at Mountainside.
On or about December 24, 1981, Associates and Dadaian, Weber and Vallario served their answer upon plaintiff's attorney, denying generally the allegations of negligence and malpractice. At the same time they served plaintiff's attorney with interrogatories and a demand for expert reports. On January 26, 1982 Mountainside served its answer denying generally the allegations of the complaint and a few days earlier on January 13, 1982 had served plaintiff's attorney with interrogatories and a demand for expert reports. Puritan did not file an answer to the complaint but instead moved pursuant to R. 4:6-4 for a more definite statement as to the identity of the respirator involved and on February 11, 1982 the trial court ordered plaintiff to provide such a statement. On May 24, 1982 the trial court ordered plaintiff to answer Mountainside's interrogatories and demand for expert reports. This order further provided that in the event plaintiff failed to answer the interrogatories and supply the expert reports within the required time, Mountainside would have the right to move for an ex parte order dismissing the complaint.
On June 4, 1982, Puritan moved for and obtained an order of the trial court dismissing the complaint against it for failure to comply with the prior order of February 11, 1982 requiring plaintiff to file a more definite statement as to the identity of the respirator. And on July 6, 1982, the trial court pursuant to R. 4:23-5 and on an ex parte motion, dismissed the complaint against Mountainside.
Associates and Dadaian, Weber and Vallario, having previously requested answers to interrogatories and the production *118 of expert reports in letters of March 24, 1982 and May 7, 1982, moved for an order compelling the production of the answers and the reports. This motion, however, was withdrawn on the representation by Cullen that he would sign a consent order for the production of such material.
It was not until December 9, 1982 that counsel for Associates and the defendant doctors obtained the consent order. The order directed plaintiff to provide answers to the interrogatories on or before December 17, 1982 and to provide the names, addresses, qualifications and reports of all proposed expert witnesses on or before January 15, 1983. After plaintiff failed to answer the interrogatories, Associates and the defendant doctors moved to dismiss the complaint with prejudice, and on January 7, 1983 the trial court dismissed the action against them, but without prejudice. However, on March 1, 1983 after plaintiff failed to provide the expert reports as required, the trial court dismissed, with prejudice, the complaint as to Associates and the defendant doctors. At this point in time the complaint had been dismissed as to all parties with the exception of those fictitiously named.
On July 5, 1983, Cullen moved to vacate the order of dismissal as to Mountainside, serving answers to interrogatories along with his motion papers. The trial court granted the motion and conditionally restored the case to the trial calendar as against Mountainside so long as plaintiff served expert reports upon Mountainside on or before September 15, 1983. On October 31, 1983, after plaintiff served the expert reports on Mountainside, the trial court amended its prior order and actually restored the case to the active trial list as to Mountainside. However, the trial court dismissed with prejudice the complaint as to all other defendants including those fictitiously named therein.
Thereafter, the remaining matter involving plaintiff and Mountainside was set down for trial on January 23, 1984, and Cullen was notified of the trial date. When the matter was called for trial at 9 a.m. on January 23, 1984 Cullen was not *119 present. Plaintiff, who did appear, personally requested an adjournment to enable him to retain new counsel. The trial court denied the request and dismissed the complaint against Mountainside. This dismissal combined with the dismissals entered by the amended order of the trial court of October 31, 1983 resulted in plaintiff's complaint being dismissed with prejudice as to all parties.
Subsequently, plaintiff retained new counsel, who on February 8, 1984, moved for a reconsideration of the prior orders of October 31, 1983 and January 23, 1984 dismissing the complaint. The trial court, following argument, denied the motion and this appeal followed.
Plaintiff contends that the trial court erred in refusing to vacate the dismissals as to the named defendants because dismissal of the action was a "harsh penalty to impose on a blameless litigant" claiming that it "should not have been imposed except where there was no other alternative." The guiding principles that a trial court should follow when a plaintiff fails to comply with the rules and court orders dealing with discovery have been thoroughly discussed in our recent opinion in Jansson v. Fairleigh Dickinson University, 198 N.J. Super. 190 (App.Div. 1985). No useful purpose would be served by repeating what we said there. However, it is important to emphasize that "[t]he dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases where the order for discovery goes to the very foundation of the cause of action, ... or where the refusal to comply is deliberate and contumacious...." Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 339 (1951). "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party ... or when the litigant rather than the attorney was at fault...." Zaccardi v. Becker, 88 N.J. 245, 253 (1982). Dismissal is not the sole remedy, rather "a range of sanctions is available to the trial *120 court when a party violates a court rule." Id. at 252-253. And, of course, it is fundamental that the trial court has the "inherent discretionary power to impose sanctions for failure to make discovery," Calabrese v. Trenton State College, 162 N.J. Super. 145 (App.Div. 1978), aff'd, 82 N.J. 321 (1980), and "is free to apply them, subject only to the requirement that they be just and reasonable in the circumstances...." Lang v. Morgan's Home Equipment Corp., supra, 6 N.J. at 339; Calabrese v. Trenton State College, supra, 162 N.J. at 151-152. We must not lose sight of the fact that "justice is the polestar and our procedures must ever be moulded and applied with that in mind." N.J. Highway Authority v. Renner, 18 N.J. 485, 495 (1955).
Thus, when a plaintiff has violated a discovery rule or court order the paramount issue is whether a lesser sanction than dismissal would suffice to erase the prejudice suffered by the non-delinquent party. The trial court must first determine the prejudice suffered by each defendant and then determine whether dismissal with prejudice is the only reasonable and just remedy available. If a lesser sanction could erase the prejudice against the non-delinquent party, dismissal of the complaint with prejudice would not be appropriate and would therefore constitute an abuse of discretion. The sparse record before us is not wholly informative with respect to the issue of whether each of the defendants in this matter would be prejudiced by reinstatement of the complaint. The record does not reveal the nature and extent of the prejudice each of the defendants allegedly has sustained by Cullen's failure to comply with the rules of discovery, court orders and failure to appear at the scheduled trial date. Moreover, it does not appear from the record whether the passage of time impaired the ability of any or of all of them to defend the claim. Therefore, we are constrained to remand the matter to the trial court for further proceedings to ensure the issue of prejudice with respect to each of these defendants is carefully reviewed.
*121 Accordingly, we reverse the trial court's order denying plaintiff's application for reconsideration of the various orders of dismissal of the complaint with prejudice and remand the matter to the trial court and direct that an appropriate hearing be conducted to determine the prejudice that each defendant may have sustained as a result of the passage of time occasioned by Cullen's inattention, carelessness and negligence and whether a sanction other than dismissal with prejudice would be reasonable and just with respect to each. We do not retain jurisdiction.
NOTES
[1] We were advised by counsel that there is presently pending a complaint against plaintiff's former attorney, John J. Cullen, Esq., before the District Ethics Committee for Passaic County (Docket XI-84-032E).