241 N.J. Super. 381 (1990)
575 A.2d 50
RALPH L. OLIVIERO AND MARIE OLIVIERO, PLAINTIFFS-APPELLANTS,
v.
PORTER HAYDEN COMPANY, AS SUCCESSOR TO REID HAYDEN CO.; EAGLE PICHER INDUSTRIES, INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1990.
Decided June 1, 1990.
*382 Before Judges DEIGHAN and BROCHIN.
Philip A. Tortoreti argued the cause for appellants (Garruto, Galex & Cantor, attorneys; James B. Cantor on the brief).
John C. Garde argued the cause for respondent Porter Hayden Company (McCarter & English, attorneys; Michael A. Tanenbaum, of Counsel; Thomas W. Ladd and John C. Garde on the brief).
*383 Arthur Bromberg of the firm Picillo, Harvey, Bromberg & Caruso, argued the cause for respondent Eagle Picher Industries, Inc. (the firm of Golden, Rothschild, Spagnola & DiFazio filed a brief; James F. McNaboe, of Counsel; E. Richard Boylan on the brief).
The opinion of the court was delivered by DEIGHAN, J.A.D.
Plaintiffs Ralph and Maria Oliviero filed an action against 19 suppliers, manufacturers and distributors of asbestos. The complaint alleged that Ralph Oliviero had contracted asbestosis from exposure to defendants' products while working as a materials technician at the American Cyanamid Company in Boundbrook between 1953 and 1982. Maria Oliviero sued per quod.
During discovery, plaintiffs answered a number of standard Middlesex County asbestos interrogatories, as well as several supplemental interrogatories. They also submitted a witness list containing the names of 118 witnesses. Among those named on this list, which was submitted ten days prior to trial, were Anthony Jannone, the purchasing agent for American Cyanamid and Samuel Jannone, a laborer.
Trial commenced on February 2, 1989. At this point, plaintiffs had settled with all of the defendants except the Porter Hayden Company (Porter Hayden), Eagle Picher Industries, Inc. (Eagle Picher) and Owens-Corning Fiberglass Corporation (Owens-Corning). Pursuant to a general order on asbestos litigation issued in 1982 by the Law Division in Middlesex County, Ozzard, Wharton Klein, Mauro, Savo & Hogan of Somerville was designated as lead counsel; McCarter & English was designated as medical counsel.
On the fourth day of trial, plaintiffs' attorney called Anthony Jannone as a witness. Jannone testified about several asbestos products manufactured by Porter Hayden and Eagle Picher which had been present on American Cyanamid's premises *384 during the term of Ralph Oliviero's employment. While defendants made several objections during the course of this testimony, they did not object to Jannone's appearance as a witness. On the next day, however, defendants moved for a mistrial on the grounds that Anthony Jannone had not been listed in plaintiffs' answers to interrogatories and had never been deposed. Counsel claimed that they had confused Anthony Jannone with Samuel Jannone, who had been listed in plaintiffs' answers to interrogatories and subsequently deposed. They argued that Anthony Jannone's testimony was severely prejudicial. Plaintiffs' trial attorney, who was not the lawyer who prepared plaintiffs' file, was unaware that Anthony Jannone had not been listed in plaintiffs' answers to interrogatories.
While the court believed that plaintiffs' attorney had made an honest mistake, it found that Jannone's testimony was "extremely damning" and granted defendants' motion for a mistrial. At the second trial, plaintiffs' attorney requested the right to call Jannone as a witness, arguing that defendants had already heard his testimony and cross-examined him. The trial court denied this request. On appeal by plaintiffs, this court reversed and allowed Jannone to testify in the second trial. However, we instructed the Law Division to "assess reasonable costs, payable by plaintiffs' counsel to the Superior Court Clerk and not to be reimbursed by plaintiffs for the waste of publicly supported judicial resources occasioned by counsel's default and the resulting mistrial order." This court also noted that:
We view counsel's conduct as, at best, grossly negligent. We are advised defendants' counsel have moved for costs in the trial court. Our order shall not affect the outcome of their motion.
In a subsequent motion for attorneys' fees, defendants' lawyers certified the reasonable value of their services at $16,660 during the aborted first trial.[1] Although the trial court granted *385 their motion, it awarded only $2,400 per attorney,[2] for a total of $9,600. In addition, it ordered plaintiffs' attorney to pay $2,346 in court costs. The court further ordered plaintiffs not to reimburse their attorney for these expenses. These decisions were formalized in orders dated March 10 and April 27, 1989.
On appeal, plaintiffs' attorneys submit the following issues:
I There is no rule or statute which authorizes sanctions of $11,900 against a party that did not act in bad faith.
II The court abused its discretion in the amount of costs assessed.
III The trial court abused its discretion in ordering plaintiffs' attorneys to pay counsel fees.
IV Plaintiffs' attorneys should not have been assessed double attorney fees because defendants' chose two trial attorneys.
V Upholding the trial judge's imposition of severe sanctions would chill litigant's rights.

I
Initially plaintiffs' attorneys argue that the trial court may not impose sanctions against a lawyer whose failure to comply with a discovery request causes a mistrial unless that lawyer acted in bad faith. They cite no authority to support this proposition. They submit that "this court should follow Federal Court interpretations of 28 U.S.C.A. § 1927, which authorizes sanctions against attorneys who `unreasonably and vexaciously' complicate trial proceedings." We find that both of these proposals are clearly without merit. R. 2:11-3(e). Sanctions for expenses for a violation of the Rules Governing the Courts may be allowed for mere carelessness or negligence. See State v. Audette, 201 N.J. Super. 410, 414, 493 A.2d 540 (App.Div. 1985).
They further note that Rule 4:42-9(a) does not provide for the allowance of attorneys' fees under the circumstances in this case. Rule 4:42-9(a) states the general rule that "[n]o fee for *386 legal services shall be allowed in the taxed costs or otherwise ..." The rule then lists eight exceptions in which attorneys' fees may be awarded: (1) in a family action; (2) out of a fund in court; (3) in a probate action; (4) in an action for the foreclosure of a mortgage; (5) in an action to foreclose a tax certificate or certificates; (6) in an action on a liability or indemnity policy of insurance; (7) as expressly provided in a court rule; and (8) in all cases where counsel fees are permitted by statute.
The general rule is that sound judicial administration is best advanced if litigants bear their own counsel fees. Right To Choose v. Byrne, 91 N.J. 287, 316, 450 A.2d 925 (1982); accord State Dept. of Environ. Protect. v. Ventron Corp., 94 N.J. 473, 504, 468 A.2d 150 (1983). Consistent with this policy, legal expenses, whether for compensation of attorneys or otherwise, are not recoverable absent expressed authorization by statute, court rule, or contract. Ibid.
Defendants concede that R. 4:42-9 does not permit a court to award attorney's fees to a party who has incurred unnecessary expenses as a result of an opponent's failure to fully answer interrogatories. Nevertheless, they argue that the award of attorneys' fees in the present case was proper under R. 1:1-2 which provides in relevant part that "any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice," citing Abbatemarco v. Colton, 31 N.J. Super. 181, 106 A.2d 12 (App.Div. 1954) ("substantial justice requires that the judgment for the defendant be reversed to the end that plaintiff's motion for a mistrial be granted, with costs in favor of the defendant in the court below and on appeal." Id. at 186, 106 A.2d 12.); Humiec v. Hoffman-LaRoche, Inc., 221 N.J. Super. 632, 535 A.2d 556 (Law Div. 1987) (a technical restriction of R. 4:23-5(a) (a failure to serve answers to interrogatories) could be circumvented in certain circumstances under R. 1:1-2).
*387 Nevertheless, R. 1:1-2 should be used sparingly, particularly where, as here, we find ample authority under the Rules to permit sanctions and attorney's fees for violation of discovery. See Youth & Family Services v. D.C., 219 N.J. Super. 644, 654, 530 A.2d 1309 (App.Div. 1987) for examples of court rules which authorize the allowance of counsel fees by a trial court.
The discovery rules were designed to eliminate, as far as possible, concealment and surprise in the trial of law suits to the end that judgments rest upon real merits of the causes and not upon the skill and maneuvering of counsel. It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof. Evtush v. Hudson Bus Transportation Co., 7 N.J. 167, 173, 81 A.2d 6 (1951).
Aside from specific rules, a court has inherent power to require a party to reimburse another litigant for its litigation expenses, including counsel fees. Vargas v. A.H. Bull Steamship Co., 25 N.J. 293, 296, 135 A.2d 857 (1957) ("Thus we find no error in conditioning the order of dismissal upon the payment of counsel fees. Allowance of fees under such circumstances is within the inherent power of the court; in effect, they are but reimbursement for expenses."); accord Busik v. Levine, 63 N.J. 351, 372, 307 A.2d 571 (1973); Crudup v. Marrero, 57 N.J. 353, 361, 273 A.2d 16 (1971); Trieste, Inc. II v. Gloucester Tp., 215 N.J. Super. 184, 188-189, 521 A.2d 864 (App.Div. 1987) ("as a procedural sanction, [counsel fees are] within [the] broad constitutional power, and as such, they are within the statutory provision for costs").
Further, R. 4:23 (Failure to Make Discovery, Sanctions) specifically provides in several instances for expenses, "including attorney's fees" R. 4:23-1(c) (Motion for Order Compelling Discovery  Award of Expenses of Motion); R. 4:23-2 (Failure To Comply With Order); R. 4:23-4 (Failure of Party to Attend at Own Deposition or Comply With Demand or Respond to Requests for Inspection). Lastly, R. 1:2-4 (Sanctions: Failure to Appear; Motions and Briefs) provides: "(a) Failure to Appear. *388 If without just excuse or because of failure to give reasonable attention to the matter, ... an application is made for an adjournment, the court may order any one or more of the following: (a) the payment by the delinquent attorney ... applying for the adjournment of costs, in such amount as the court shall fix, to the Clerk of the County in which the action is to be tried ...; (b) the payment by the delinquent attorney... applying for the adjournment of reasonable expenses, including attorney's fees, to the aggrieved party...."
It is perfectly clear from the foregoing that the trial court, aside from the mandate of this court, had more than ample authority to assess sanctions and counsel fees against plaintiff's attorneys for inconveniences and expenses incurred in attending an aborted three-day trial. Plaintiffs' attorneys were undeniably negligent in preparing the case and the defendants were substantially prejudiced by counsel's conduct. Anthony Jannone was the key witness for plaintiff and testified at the first trial that the defendants Porter Hayden and Eagle Picher had supplied a large portion of the asbestos products used by American Cyanamid during the period of Oliviero's employment. In view of the fact that defendants never had an opportunity to depose Anthony Jannone, the trial court had no choice but to declare a mistrial. In determining to grant counsel fees to defense counsel, Judge Reavey awarded only $2,400 each, for a total of $9,600.[3] In so doing, she observed
... [W]hile I appreciate the accuracy and the almost bare bones minimum application for each of those certifications appreciating the amount of effort and time and truly work that goes into preparation for a case of this kind, I can't award those kind of figures as far as costs of the litigation are concerned. I do think that I'm certainly authorized to, in fact, almost obligated to impose some compensation to each of these law firms for the time that they spent here that was truly a waste of time in light of the mistrial that had to be declared.... I find appropriate certainly the eight hour day that these trials do run figuring a little bit of time just to get to and from the courthouse. And I *389 think $100 an hour is a reasonable compromise for their application despite the fact that I know that they're billing their clients more than that and everybody does. So again, I multiplied that out and it comes to $2,400.
The plaintiffs' attorneys raise an issue concerning the award of $2,400 to Thomas Ladd, Esquire, who was designated as a special medical counsel. They contend that Mr. Ladd's presence was not required during the liability aspect of the trial. As noted earlier, the Superior Court's general order on asbestos litigation in Middlesex County permits a defendant to retain, if it so desires, a lead counsel and a special medical counsel. The order provides in pertinent part:
Any party or group of parties may engage any attorney or firm to represent the party's or group's interests relative to medical issues....
....
Special medical counsel shall have the authority to participate at depositions and trial including the presentation of an opening and closing statement and direct and cross-examination of witnesses concerning medical issues on behalf of the parties identified in the appearance or any amendment thereto.
The attorneys for plaintiff contend that they were "double-teamed" by the appearance of two attorneys representing the same defendant (Allen Grant as lead counsel and Thomas Ladd as medical counsel, of McCarter and English both appeared on behalf of defendant Hayden Porter). However, we do not have a complete record of the proceedings before the trial court that would enable us to make a valid assessment of plaintiffs' attorney's contention. We do know that Mr. Ladd was authorized to assist Mr. Grant in medical aspects of the first trial and that he billed a considerable number of hours. If these hours were indeed spent litigating medical aspects of the first trial, then Judge Reavey certainly was authorized to award him attorney's fees. However, if Mr. Ladd spent a substantial amount of time involved in non-medical aspects of the first trial, then the allowances to him may not be justified. Since we cannot make a determination from the record before us, it is necessary to remand that aspect of the award of counsel fees to the trial court for a determination concerning the need and necessity of Mr. Ladd to have attended the liability aspect of the first trial. If indeed his presence was warranted then, the *390 allowance shall stand; on the other hand if it is determined that his presence was not warranted during the liability aspect of the trial, then the allowance must be vacated by the trial court.

II
Plaintiffs' attorneys also argue that the trial court abused its discretion by imposing costs in favor of the Superior Court for the three days of the first aborted trial. In our mandate to the trial court, we directed that "the Law Division will assess reasonable costs payable by plaintiff's counsel to the Superior Court Clerk ... for the waste of publicly supported judicial resources occasioned by counsel's default and resulting in [a] mistrial." Plaintiffs' attorneys argue that the trial judge should have restricted her assessment of court costs to the statutory allowable tax costs and that actual costs are not expressly provided under the rules of court as required by R. 4:42-9(a)(7). They argue that costs over and above tax costs and costs of everyday running the court system is an expense that the State would have incurred in any event. We disagree.
As previously noted, if a party or counsel, "without just excuse" or for "failure to give reasonable attention to the matter" requires "an application ... for an adjournment, the court may order ... (a) the payment by the delinquent attorney... of costs, in such amount as the court shall fix, to the Clerk of the County in which the action is to be tried. ..." R. 1:2-4(a).
In assessing $2,346 in court costs, Judge Reavey multiplied the three days which the first trial had taken by the estimated daily expense to the State. She obtained this figure in the following fashion:
I've gotten my figures from the Court Administrator which he indicated for each day that the trial would take just for the use of the courtroom facilities, the personnel would be  and first he said approximately $800. And then he called me back to say it was $782 per day. And I can't help but think that's a fairly accurate figure. And in light of the figure I've heard in other matters tried in other counties which are billable to the County of Middlesex, I think *391 that comes within the parameter of ["reasonableness" set forth in the Appellate Division's interlocutory order]. Because in some instances in criminal trials where there's a number of Sheriff's officers involved, it runs to some three, four, $500 an hour to try a case. And I think that $782 has to be considered reasonable.
None of the parties has contested the accuracy of the per diem expense.
Where authorized, as here, the allowance of costs is generally committed to the court's discretion. Fortugno Realty Co. v. Shiavone-Bonomo Corp., 39 N.J. 382, 396, 189 A.2d 7 (1963); Hirsch v. Tushill, Ltd., Inc., 110 N.J. 644, 646, 542 A.2d 897 (1988). We find no abuse of discretion in fixing court costs occasioned by counsels' default.
The order allowing costs and counsel fees is modified and, as modified, affirmed. The matter is remanded to the trial court for further proceedings consistent with this opinion.
NOTES
[1] Eagle Picher's attorney claimed charges totaling $3,703, while Porter Hayden's two attorneys claimed charges of $7,963. Counsel for Owens-Corning submitted a certification of services totaling approximately $5,000.
[2] The allowance per attorney is in no way indicative that the amount claimed was unreasonable or excessive.
[3] Owens-Corning settled with plaintiffs prior to this litigation and waived its right to Judge Reavey's award of $2,400. For the purposes of this appeal, defendants' attorneys were therefore awarded only $7,200 in attorneys' fees.