712 A.2d 240

MAHMOUD L. RABBOH, PLAINTIFF–APPELLANT, AND MUNTAHA RABBOH, HIS WIFE, PLAINTIFF, v. CROCE J. LAMATTINA, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 6, 1998—Decided June 17, 1998.

488

Before Judges KING and MUIR, Jr.

*Eric W. Smith* argued the cause for appellant (*Fontanella* and *Benevento*, attorneys; *Fredda Katcoff* and *Alfred E. Fontanella*, on the brief).

*Albert C. Lisbona* argued the cause for respondent (*Dwyer, Connell & Lisbona*, attorneys; *Mr. Lisbona*, on the brief).

The opinion of the court was delivered by

MUIR, Jr., J.A.D.

Unhappy with the scope of cross-examination of his client permitted by the trial court the previous day, plaintiff's counsel unilaterally elected not to present his only medical damages expert despite the fact the trial court had specifically scheduled the expert to accommodate the expert's schedule. When the trial court denied his motion for a mistrial, counsel sought a continuance so he could call his expert the following Monday. The trial

court denied the motion. Then, after assurances from plaintiff's counsel he would not produce the expert, the court granted defendant's motion to dismiss the complaint due to plaintiff's inability to present required medical evidence to support his injury claims.

Plaintiff now appeals the ensuing order of dismissal. He contends the trial court's dismissal was "draconian" and attempts to justify the conduct of plaintiff's counsel. While we are satisfied under the circumstances the trial court's action is far from being "draconian" in that word's intended sense and while we are further satisfied that not only was the conduct not justified, but also that counsel must be reminded the management of a court's calendar is entrusted to the court and not to counsel, we conclude the trial court should have assessed counsel fees, costs, and expenses engendered by counsel's conduct rather than grant defendant's dismissal motion.

Before we review the essentially uncontested events giving rise to this appeal, we deem it imperative that counsel be reminded not only of the inappropriateness of his courtroom conduct but also that he is not the one that controls the management and conduct of a trial. The trial court has the exclusive authority and responsibility to manage the conduct of a trial. Additionally, the Rules of Professional Conduct make it clear an attorney may neither knowingly disobey an obligation imposed by rulings of a trial court nor may he engage in conduct intended to disrupt trial court proceedings. *R.P.C.* 3.4(c), 3.5(c). These professional conduct criteria embody the concept that counsel must comply with trial court trial management orders. We find it unfortunate that such a reminder must be given.

The record discloses this is essentially an uncomplicated automobile negligence case that began on a Wednesday in a context where there were time constraints known to all counsel—constraints that required diligent compliance by all involved. Plaintiff contended he sustained injuries in an accident where the car he was driving and the car defendant was driving collided. The

injuries plaintiff asserted involved significant spinal damage. The extent of the injuries and plaintiff's credibility were vigorously disputed.

The second day of trial, after defense counsel completed his cross-examination of plaintiff, Peter L. Agostini, an associate in the firm representing plaintiff, conducted redirect in an effort to rehabilitate plaintiff's credibility. That effort led to recross, which sought to undermine the rehabilitation effort. The scope of defense counsel's cross-examination was extensively challenged by plaintiff's counsel but was allowed to a significant degree by the trial court.

At the close of the second day of trial, the trial court reminded both counsel and the jury that the trial would recommence at 1:30 p.m. the next day, a Friday. To accommodate plaintiff, that day had been previously scheduled as the time for plaintiff to present his medical damages expert. Both counsel had agreed to the scheduling, which included a requirement defendant's medical damages expert be presented the following Monday.

Nonetheless, Agostini did not appear until 2 p.m., although the jury, the court, and the defense counsel were ready at 1:30 p.m. Upon appearing, Agostini made a motion for a mistrial, claiming error in the scope of the permitted re-cross-examination the preceding day. Alternatively, he asked for a curative instruction regarding the prior day's cross-examination of plaintiff. The trial court denied the mistrial motion but left open the decision to give a curative instruction. Nevertheless, Agostini then sought an *N.J.R.E.* 104 hearing apparently on the issue of whether there was need for the instruction. The trial court denied the motion. Agostini then made a motion for continuance. When asked by the court to provide a reason, the attorney stated:

> The reason for the continuance is I need time to prepare to proceed with the case in light of what happened yesterday ... I felt I was left with no choice but to file [the mistrial] motion immediately. My doctor gets quite a bit of money to come in and testify, and I knew I was going to be making this motion. I was under the impression I was to be here at two. I knew I would be taking approximately one hour to proceed with this motion. For me to bring this doctor in and have to

bring him back Monday was not possible in my view because I was not going to finish with his direct, and I was sure if defense counsel was not going to finish with his cross today. I need a continuance to bring him in and proceed with the trial.

The trial court explained counsel's inability to produce his medical expert stemmed from a problem of counsel's "own creation which was based on [his] unilateral decision to proceed in the manner [he had]." After noting it was not for counsel to unilaterally change the schedule for trial by the election not to produce the medical expert, the court denied the application for continuance. After some brief colloquy in which Agostini attempted to pursue an alternative to utilize some of the trial time, the trial court responded:

You have to proceed right now or in a very short time with the doctor. The reason for that is this. It was agreed by all of us on the order of calling of witnesses. Your doctor was to testify today even though he was originally supposed to testify yesterday. Defense counsel's physician was supposed to testify yesterday or today, depending upon your doctor's testimony. We changed things around to accommodate your man to come here today. You've unilaterally changed that. [Defense counsel's] already made arrangement for his doctor to be here Monday morning. We're not changing that entire schedule because of a decision that you unilaterally made. It's not fair. You're supposed to proceed today with your doctor, if you don't, you're going to suffer the consequences. You're not going to fill in time by reading from a deposition. That wasn't the procedure that we all understood and based our plans on. If [your] doctor is not available there's going to be some severe consequences for your case, as I'm sure you know.

Now are you ready to proceed with him?

Agostini responded by reiterating the reason he deemed it appropriate not to produce the expert and then proceeded to make a motion for a stay to allow him to file a motion for leave to appeal the denial of the motion for a mistrial. When that motion was denied and the trial court confirmed Agostini would not produce the expert for testimony, defense counsel applied for a judgment of dismissal due to plaintiff's inability to establish his injury claims. The trial court granted the motion and entered the order under appeal, which included denials of the various motions made by Agostini.

This appeal requires us to resolve the competing values between, on the one hand, the salutary principle that the sins of counsel not be visited on the blameless litigant and, on the other,

the court's strong interest that management of litigation, if it is to be effective, must lie ultimately with the trial court and not counsel trying the case. Ingrained in that need for efficacy is the trial court's authority to impose appropriate sanctions for violation of case management orders. As recognized in the analogous circumstances of failure to make discovery, a trial court has the inherent authority to impose appropriate sanctions for noncompliance. *See Abtrax Pharm., Inc. v. Elkins–Sinn, Inc.,* 139 *N.J.* 499, 513, 655 *A.*2d 1368 (1995); *cf. Allegro v. Afton Village Corp.,* 9 *N.J.* 156, 161, 87 *A.*2d 430 (1952). The appropriateness of the sanction, however, must be viewed in the context of the competing values previously noted.

*Abtrax* sets the parameters for resolution of the appropriate sanction:

> In respect of the ultimate sanction of dismissal, this Court has struck a balance by instructing courts to impose that sanction "only sparingly." [*Zaccardi v. Becker,* 88 *N.J.* 245, 253, 440 *A.*2d 1329 (1982); *see Georgis v. Scarpa,* 226 *N.J.Super.* 244, 250, 543 *A.*2d 1043 (App.Div.1988).] "The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." [*Lang v. Morgan's Home Equip. Corp.,* 6 *N.J.* 333, 339, 78 *A.*2d 705 (1951) (citations omitted); *see Allegro, supra,* 9 *N.J.* at 160–61, 87 *A.*2d 430; *Johnson v. Mountainside Hosp.,* 199 *N.J.Super.* 114, 119, 488 *A.*2d 1029 (App.Div.1985).] "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party, or when the litigant rather than the attorney was at fault." *Zaccardi, supra,* 88 *N.J.* at 253, 440 *A.*2d 1329 ... (citations omitted); *see Johnson, supra,* 199 *N.J.Super.* at 119 [488 *A.*2d 1029].... Moreover, the "imposition of the severe sanction of dismissal is imposed not only to penalize those whose conduct warrant it, but to deter others who [might] be tempted to violate the rules absent such a deterrent." *Zaccardi v. Becker,* 162 *N.J.Super.* 329, 332, 392 *A.*2d 1220 ... (App.Div.), *certif. denied,* 79 *N.J.* 464, 401 *A.*2d 221 ... (1978). [*Abtrax, supra,* 139 *N.J.* at 514–15, 655 *A.*2d 1368.]

Under the circumstances here, we conclude a sanction less than dismissal would have erased the prejudice to defendant and the costs created by what, in its best light, can only be described as counsel's recalcitrance in dealing with the trial court's evidential rulings. While we are satisfied counsel's conduct was totally inappropriate, we are also satisfied it did not reach the contuma-

cious level sufficient to justify dismissal of plaintiff's case with prejudice. The balance required dictated against the dismissal. In so ruling, we wish to make it clear we have no disagreement with the trial court's action taken on the motions made by plaintiff's counsel but only with the dismissal of the complaint.

Decisional law suggests a number of ways to deal with circumstances where an attorney engages in conduct that violates a court's order, wastes time of adversary counsel, prejudices defendant's ability to defend a case, or unjustifiably consumes judicial resources. *Audubon Volunteer Fire Co. v. Church Constr. Co.*, 206 *N.J.Super.* 405, 407, 502 *A.2d* 1183 (App.Div.1986); *see Oliviero v. Porter Hayden Co.*, 241 *N.J.Super.* 381, 575 *A.2d* 50 (App. Div.1990) (use of lesser sanctions than dismissal to deal with unjustifiable waste of judicial resources by plaintiff's counsel).

In *Oliviero*, we sustained imposition of defense counsel fees and court expenses on counsel for inconveniences and expenses attendant to an aborted three-day trial engendered by counsel's conduct. *Id.* at 388, 575 *A.2d* 50. We find such a sanction appropriate here. Consequently, we reverse the dismissal of the case on grounds it was improvidently granted. We remand to the trial court to assess not only reasonable defense counsel fees but also reasonable costs for the aborted two and one-half day trial. Both shall be payable by plaintiff's current counsel with the costs paid to the Superior Court Clerk. Neither the fees nor costs may be reimbursed by plaintiff. The reasonable costs of the two and one-half days of trial shall be calculated by the Trial Court Administrator.

Reversed and remanded for further proceedings consonant with this opinion.