154 A.3d 730

ANNE MCINROY, PLAINTIFF, v. VILLAGE SUPERMARKET, INC. T/A SHOPRITE OF HAMMONTON, NJ, DEFENDANT.

Superior Court of New Jersey
Law Division
Atlantic County

Decided: August 25, 2016

*John Bertman* for plaintiff (*Howell and Bertman*, attorneys).

*Peter R. Errico* for defendant, Village Super Market, Inc. (improperly impleaded as Village Supermarket, Inc. t/a ShopRite of Hammonton, New Jersey)(*Wolff, Helies, Spaeth & Lucas, P.A.*, attorneys).

SAVIO, J.S.C.

Defendant, Village Super Market, Inc. t/a ShopRite of Hammonton, New Jersey, (ShopRite) brings this motion seeking to compel plaintiff to pay a fee to a physician retained by the defense to perform an Independent Medical Examination (IME). The fee is sought as a result of plaintiff's missing several appointments to attend the IME.[1]

On August 10, 2015, plaintiff, Anne McInroy, a business invitee of ShopRite, filed suit alleging that ShopRite negligently allowed water to accumulate in one of the aisles of its supermarket, which

---

[1] The opinion is limited to the issue of the payment of the missed appointment fee and all discussion about the application to extend the discovery end date has been omitted.

created a slippery, dangerous condition to patrons shopping in the aisle. Plaintiff alleges that she slipped and fell as a result of the negligence and that she suffered personal injuries proximately caused by ShopRite's negligence.

Defendant initially scheduled the IME in the Linwood office of an Orthopedic Surgeon, John A. Cristini, M.D. (Cristini). The examination was to occur on May 31, 2016. Plaintiff missed the first appointment with Cristini. Plaintiff, a resident of Hammonton, did not have a motor vehicle available to her to use to travel to Cristini's Linwood office for the physical examination. Plaintiff certifies that her attorney arranged for a taxicab to take her to Linwood to attend the May 31, 2016, appointment with Cristini. Plaintiff certifies that in May of 2016, she was under the care of Dr. Albert J. Belli, Jr., for treatment for Chronic Obstructive Pulmonary Disease (COPD). The COPD is unrelated to any claim for compensation in the litigation. Plaintiff attests that on the morning of May 31, 2016, she had a severe attack of COPD, and she was physically unable to appear in Cristini's office for the examination. The certification in opposition to the motion does not contain any suggestion that plaintiff communicated or attempted to communicate with Cristini's office staff to notify Cristini she was not able to keep the May 31, 2016, appointment. It appears that Cristini did not charge a cancellation fee for this first missed appointment.

On June 16, 2016, approximately a month before the second appointment, defense counsel sent a letter to plaintiff's attorney advising him of the second scheduled IME. The appointment was scheduled to occur on July 12, 2016. Plaintiff's counsel does not suggest that the date or time or location of the IME was inconvenient or that the time period between the notice and the appointment was insufficient for the plaintiff to make arrangements to attend the second IME. On July 12, 2016, defense counsel was advised by Cristini's office that plaintiff did not appear for the second appointment. After the second appointment was missed, Cristini issued an invoice to defense counsel in the amount of $375

representing his fee for two missed appointments. On July 16, 2016, defense counsel's office rescheduled the IME for a third time for August 9, 2016. In plaintiff's opposition to the application before the court, plaintiff does not offer any explanation for missing the July 12, 2016, appointment.

In defense counsel's letter of July 16, 2016, to Plaintiff's counsel notifying plaintiff's counsel that the IME was scheduled to occur on August 9, 2016, plaintiff's counsel was advised of the date, time, and location of the IME. In addition, the following appears in the letter to plaintiff's counsel advising plaintiff's counsel of the third scheduled IME:

> **Please be advised of Dr. Cristini's cancellation policy. All cancellations must be made at least 2 weeks before the examination. If cancelled less than 14 business days prior, there will be a fee charged of $375.00. ALL CANCELLATIONS MUST BE DONE THROUGH OUR OFFICE. If plaintiff fails to cancel the examination or does not appear as scheduled, any fee charged by the doctor will be the responsibility of your client.**

[ (Bold print in original).]

With respect to the circumstances surrounding the plaintiff's third missed appointment, plaintiff certifies that her daughter arranged to pick her up the night before the August 9, 2016, appointment to transport plaintiff to her daughter's house to stay overnight. Plaintiff's daughter's residence is in closer proximity to Cristini's Linwood office than plaintiff's home. The night before the appointment with Cristini, plaintiff became very ill because her daughter has pets, which affected her breathing. Plaintiff states that she was ill on date of the examinations and unable to travel. Apparently, plaintiff did not seek medical attention for her illness. Plaintiff's certification does not suggest that before she traveled to her daughter's home she did not know her daughter kept pets in the home nor is there any suggestion that the plaintiff was unaware of the potential for an adverse reaction to being in the same home as the pets. Plaintiff's certification does not indicate she attempted to notify Cristini's office that she was unable to keep the appointment.

Plaintiff opposes the application to compel plaintiff to pay the IME missed appointment fee of $375 arguing that since the defendant selected Cristini to perform the IME, Cristini's no-show fee should be paid by defendant. Plaintiff's counsel contends that that the "Rules" provide that plaintiff should not be bound by Cristini's policy regarding the missing of a scheduled appointment. Finally, plaintiff certifies that her only source of income is Social Security Disability, and asks that she not be compelled to reimburse the $375 missed appointment fee because requiring plaintiff to pay the fee would create a financial hardship.

In reply to the opposition, defense counsel suggests that plaintiff and plaintiff's counsel were aware of Cristini's missed appointment policy at the time the IME was scheduled and failed to object to Cristini's no-show policy. Defense counsel argues that whether plaintiff attended her IME was out of the control of defense counsel, and therefore, defense counsel should not have to pay Cristini's missed appointment fee.

■ With respect to defense counsel's request to compel the IME of plaintiff and to compel plaintiff to pay the missed appointment fee, *Rule* 4:19 provides:

> In an action in which a claim is asserted by a party for personal injuries ... the adverse party may require the party whose physical ... condition is in controversy to submit to a physical ... examination by a medical ... expert by serving upon that party a notice stating with specificity when, where, and by whom the examination will be conducted and advising, to the extent practicable, as to the nature of the examination and any proposed tests. The time for the examination stated in the notice shall not be scheduled to take place prior to 45 days following the service of the notice, and a party who receives such notice and who seeks a protective order shall file a motion therefore, returnable within said 45–day period. The court may, on motion pursuant to *R.* 4:23–5, either compel the discovery or dismiss the pleading of a party who fails to submit to the examination, to timely move for a protective order, or to reschedule the date of and submit to the examination within a reasonable time following the originally scheduled date. A court order shall, however, be required for a reexamination by the adverse party's expert if the examined party does not consent thereto.

Clearly, *Rule* 4:19 mandates forty-five days' advance notice of the scheduled IME. Plaintiff's counsel does not suggest that the advance notice of the any of the appointments for the IME was

unreasonable. Moreover, the appointment on August 16, 2016, was the third appointment scheduled with Cristini.

■ There appears to be no reported New Jersey case law that expressly provides that orders compelling reimbursement of missed appointment fees charged by physicians to perform IME's should be shouldered by the party who misses the appointment. In New Jersey, "[A] trial court has the inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that they be just and reasonable in the circumstances." *Calabrese v. Trenton State Coll.*, 162 *N.J.Super.* 145, 151–52, 392 *A.2d* 600, (App. Div. 1978); *Lang v. Morgan's Home Equip. Corp.*, 6 *N.J.* 333, 339, 78 *A.2d* 705 (1951); *Hirsch v. Gen. Motors Corp.*, 266 *N.J.Super.* 222, 260–261, 628 *A.2d* 1108 (Law Div. 1993). The Appellate Division in *Aetna Life and Casualty Company v. Imet Mason Contractors*, 309 *N.J.Super.* 358, 365, 707 *A.2d* 180 (App. Div. 1998), stated:

> " '[s]ince dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party.' " [*Hirsch, supra.* 266 *N.J.Super.* at 261, 628 *A.2d* 1108], (quoting *Johnson v. Mountainside Hosp., Respiratory Disease Assocs.*, 199 *N.J.Super.* 114, 119, 488 *A.2d* 1029 (App. Div. 1985), *certif. denied*, 122 *N.J.* 188, 584 *A.2d* 248 (1990)). As ...[the appellate court]... said in *Johnson*, when a plaintiff has violated a discovery rule or a court order, the paramount issue is whether a lesser sanction than dismissal would suffice to erase the prejudice by the non-delinquent party .... If a lesser sanction could erase the prejudice against the non-delinquent party, dismissal of the complaint with prejudice would not be appropriate and would therefore constitute an abuse of discretion.

■ *Rule* 4:19 does not specifically provide the court with authorization to compel the payment of missed appointment fees by a party who fails to appear for a scheduled IME, however, such a sanction is routinely enforced as a discovery sanction. Failure to appear for a properly noticed IME is a discovery violation. Under *Rule* 4:19, defendant is entitled to an order compelling the IME to take place and/or an order dismissing plaintiff's complaint. Additionally, because the failure to appear for an IME is a discovery violation, it is within the court's discretion to impose a sanction that will erase the prejudice to the non-delinquent party. The

court may do so, so long as the sanction is "just and reasonable." *Hirsch supra*, 266 *N.J.Super.* at 260–261, 628 *A.*2d 1108.

■ The plaintiff has not established that she missed two appointments for reasons that should not have been foreseen or that the actions or absence of action after plaintiff learned she would be unable to keep the appointments were reasonable. Defense counsel's notice to plaintiff made it clear that if the appointment was not kept and not cancelled at least fourteen days before the scheduled appointment, a missed appointment fee of $375 would be charged.

The court recognizes that to require the payment of the missed appointment fee by a person whose sole source of income is Social Security Disability may create a financial hardship for that person to pay the missed appointment fee. However, in the circumstances before the court, plaintiff and plaintiff alone must bear responsibility for missing the appointment. The court rejects the notion that plaintiff should be excused from paying Cristini's missed appointment fee because her sole source of income is Social Security Disability when it was plaintiff who failed to keep the appointment and failed to proffer a reasonable explanation for the failure to keep the appointment.

Presumably, Cristini set aside time to meet plaintiff and conduct the examination—time that could have been devoted to producing revenue for Cristini's office. Cristini lost revenue because plaintiff failed to keep the appointment for the IME. Defendant asks this court for an order compelling plaintiff to reimburse defendant for the missed appointment fee of $375 incurred as a result of plaintiff missing her May 31, 2016, and July 12, 2016 IME appointments. This request is granted. Although, *Rule* 4:19 does not specifically authorize the court to grant such relief, the court has general discretion to impose such discovery sanctions that are just and reasonable to make the non-delinquent party whole. *Ibid.* As defendant had no control over whether plaintiff appeared for her IME, the court deems the reimbursement of the IME fee a just

and reasonable discovery sanction to make the non-delinquent party whole.