**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2101-22

DOMENICA S. NARDONE,

     Plaintiff-Appellant,

and

VITO J. BARONE,

     Plaintiff,

v.

JOHN W. AGER, III,

     Defendant-Respondent.

_____

> Argued May 1, 2024 – Decided July 22, 2024
>
> Before Judges Vernoia and Gummer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6415-17.
>
> Richard A. Dunne argued the cause for appellant.
>
> John A. Camassa argued the cause for respondent.

PER CURIAM

In this verbal-threshold case, plaintiff Domenica S. Nardone appeals from an order dismissing her case with prejudice, which the trial court entered on defendant's motion after plaintiff and her counsel advised the court for the first time at the beginning of the trial that plaintiff would not be presenting the testimony of a medical expert witness. We affirm.

We take these undisputed facts from the limited record before us and the amplification the trial judge submitted pursuant to Rule 2:5-1(d).

On October 30, 2017, plaintiff and her husband Vito J. Barone filed a complaint against defendant John W. Ager III, alleging that on August 20, 2016, he had "operated his motor vehicle in a negligent and careless manner, . . . causing his vehicle to strike [her] vehicle," directly and proximately causing her injuries. In his answer, defendant asserted, among other defenses, "[p]laintiff's cause of action was barred by virtue of application of the 'Verbal Threshold,' N.J.S.[A]. 39:6A-8."

After the completion of the discovery period, which had been extended

nine times and had lasted 1,799 days, and following eleven trial adjournments,[1] the parties and their counsel appeared for trial on February 6, 2023.

After the presiding Civil Part judge was advised the case was ready for trial, the judge assigned to try the case conducted a conference in chambers with counsel, during which plaintiff's counsel advised the court and defense counsel for the first time "they would not be paying for [p]laintiff's expert to testify." The judge then conducted a hearing on the record, telling plaintiff she "just want[ed] to make sure that you understand what's going to happen if we go forward and the kinds of issues that you might potentially have." The judge told plaintiff her attorney had revealed "that your expert is no longer going to be able to testify; is not willing to testify any longer in terms of the injuries to your wrist." Noting plaintiff's original treating physician had died, the judge asked plaintiff if she understood "in order for [the new doctor] to come in and testify

---

[1] The court adjourned the trial once in January 2022 to allow plaintiff to obtain a new medical expert witness after the death of her first expert. The new expert issued a report dated February 16, 2022, in which he opined that as a result of the accident, she had suffered permanent injuries to her spine and left knee. He described her as having disc herniations and bulges and a medial meniscal tear. Plaintiff also had submitted a report from a doctor who had treated her for "carpel tunnel" and "trigger thumb" issues and who opined her "symptoms [were] resultant from axial load injury sustained on 8/20/16."

it would cost a significant amount of money that the attorneys are not willing to [pay] up front."  Plaintiff replied that she understood.  The judge stated:

> So, . . . here is what that leaves.  Really, that leaves your testimony and then whatever testimony is going to be presented on behalf of the defendant which could also include expert testimony on their end.
>
> You might not even get that far in the case; it might be that the jury hears from you, there might be a motion and that might be the end of the case as well.
>
> In this case, there's what's called a verbal threshold and that means you have to prove permanency of your injuries which without . . . medical testimony is incredibly hard to do.  I'm not saying it's impossible, but it's [an] incredibly . . . high burden that usually requires medical testimony to be able to get past . . . .
>
> So that being said, I want you to know that really it's going to be your testimony alone and I don't know how far that's going to get you in this trial.

The judge offered to address any questions plaintiff might have.  Plaintiff declined that offer.  The judge gave plaintiff time to speak with her attorney and her husband.  After they had discussed the matter, her counsel reported plaintiff wanted to proceed with the trial but that neither plaintiff nor her counsel were willing to "set forth the monetary amount to pay to have [the expert] testify."

Defense counsel then moved for "an involuntary dismissal" of the case, arguing plaintiff could not prove her verbal-threshold case by "objective,

credible, medical evidence" without the testimony of a medical expert witness. Plaintiff's counsel responded plaintiff "still wish[ed] to proceed to be able to tell her story" but acknowledged "we do not have a medical doctor." She did not argue the motion was procedurally improper, did not ask for an adjournment of the trial, did not ask for more time to respond to the motion, did not contend that plaintiff at some future time would be willing and able to present an expert witness, and did not dispute defense counsel's assertion that even if she testified, the case would be dismissed "without that needed medical testimony."

The judge placed her decision on the record, noting the procedural status of the case: "we are here for a trial and that means that at this point in time the plaintiff needs to be prepared to present all of [her] proofs at trial over . . . the course of the next few days." She recognized "dispositive [motions] on the eve of trial are typically not allowed but those are situations where the information is known ahead of time with sufficient time to file a motion that's in accordance with the rules." The judge indicated she was treating defendant's motion "sort of as a summary judgment motion on the basis that there isn't sufficient medical testimony to meet the elements of the verbal threshold."

The judge held plaintiff in this verbal-threshold case had to "prove by objective credible medical evidence that she has a permanent injury within a

reasonable degree of medical probability and that requires some sort of medical testimony in order to be able to prove those elements." She found plaintiff in her testimony "could describe certainly the pain that she's having" and the treatment she has received but "could not provide medical diagnosis . . . . [A] doctor needs to come in and describe what the diagnoses are; what, if any, reviews of x-rays or MRIs were conducted as well as any other related information." The judge held "plaintiff's testimony alone cannot meet the requirement of objective, credible, medical evidence within a reasonable degree of medical probability" and "no rational fact-finder could find otherwise." She "grant[ed] the motion for a dismissal because we are here for trial and [she's] unable to . . . proceed" and entered an order the next day dismissing the complaint with prejudice.

A different attorney filed a notice of appeal on plaintiff's behalf. On appeal, plaintiff argues she was "blameless" because her retainer agreement with her trial counsel required her counsel to pay for the expert and the dismissal of her case was "too harsh and drastic" and procedurally improper. In response, defendant disputes plaintiff's interpretation of the retainer agreement and contends the trial judge properly dismissed the case when plaintiff failed to produce a medical expert witness at trial.

A-2101-22

Under New Jersey's Automobile Insurance Cost Recovery Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35, individuals seeking automobile liability insurance must select one of two tort options:  the "[l]imitation on lawsuit option" or the "[n]o limitation on lawsuit option."  N.J.S.A. 39:6A-8.  Those covered by an insurance policy with the limitation-on-lawsuit option, also known as the verbal threshold, have "a limited right of recovery" for noneconomic damages sustained in an automobile collision.  DiProspero v. Penn, 183 N.J. 477, 486 (2005).  They may recover in tort for noneconomic damages only if the injuries "vault" the verbal threshold.  Davidson v. Slater, 189 N.J. 166, 189 (2007).

Pursuant to N.J.S.A. 39:6A-8(a), an insured under the verbal threshold may maintain an action for noneconomic losses only if she "has sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement."  A "permanent injury" is one that "has not healed to function normally and will not heal to function normally with further medical treatment." Ibid.; see also Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 290 (App. Div. 2016) (quoting N.J.S.A. 39:6A-8(a)).

A plaintiff is required to prove the existence of a permanent injury based on "objective clinical evidence." Escobar-Barrera v. Kissin, 464 N.J. Super. 224, 234 (App. Div. 2020); DiProspero, 183 N.J. at 505-06. Additionally, a plaintiff must show the injuries were proximately caused by the defendant's negligence. Davidson, 189 N.J. at 185. "[T]he necessary objective evidence must be 'derived from accepted diagnostic tests and cannot be dependent entirely upon subjective patient response.'" Agha v. Feiner, 198 N.J. 50, 60 (2009) (quoting Davidson, 189 N.J. at 181) (internal quotation marks omitted). A doctor's testimony can be "essential to 'permit[] the case to go to the jury.'" Escobar-Barrera, 464 N.J. Super. at 235 (quoting Klimko v. Rose, 84 N.J. 496, 505 (1980)).

Plaintiff does not dispute her claim is subject to the verbal threshold, she had to produce a medical expert witness to prove her injuries by "objective clinical evidence," and she was not going to produce a medical expert witness at trial because neither she nor her attorney would pay the expert.

In Seoung Ook Cho v. Trinitas Regional Medical Center, 443 N.J. Super. 461, 467-68 (App. Div. 2015), on the second day of trial before jury selection began, the defendant moved to dismiss the plaintiffs' wrongful-death claim, arguing, among other things, the proofs of economic loss were "too speculative."

We held a motion in limine "is not a summary judgment motion that happens to be filed on the eve of trial," id. at 471, and found "due process requires an opportunity to be heard at a meaningful time and in a meaningful manner," id. at 472-73 (quoting Doe v. Poritz, 142 N.J. 1, 106 (1995)).  However, "we d[id] not hold that the summary judgment rules establish rigid requirements that must be met in every case for due process demands to be satisfied."  Id. at 474.  Under the circumstances of that case, we concluded the plaintiffs had been deprived of a meaningful opportunity to respond to the motion in violation of their due-process rights.  Id. at 474-75.

This case is not Cho.  The dismissal motion in this case was not based on an argument the evidence was "too speculative" but on the complete and admitted absence of critical evidence.  Id. at 468.  And this isn't Escobar-Barrera, 464 N.J. Super. at 229-30, in which the plaintiff's doctor inexplicably had failed to show up at trial despite his counsel's efforts and the trial judge denied the plaintiff's request to adjourn the trial one day to give him a chance to address the issue; Kosmowski v. Atlantic City Medical Center, 175 N.J. 568 (2003), in which the trial judge dismissed the case after denying a first adjournment request based on the purported unavailability of an expert witness; Rabboh v. Lamattina, 312 N.J. Super. 487, 490-91 (App. Div. 1998), in which the trial judge dismissed

the case when the plaintiff's counsel unilaterally decided to call the plaintiff's expert witness on a Monday instead of the previously agreed-upon day; or Klimko, 84 N.J. at 500, in which the plaintiffs made a "good faith attempt" to compel the reappearance of their expert witness, who had failed to return to court for cross-examination.

Unlike the plaintiffs in the cases on which plaintiff relies, plaintiff did not identify any good-faith efforts she was making to present an expert witness necessary to prove her case and did not express any intention of ever presenting one. Under the circumstances of this case, we perceive no due-process violation. Plaintiff did not ask the trial court for more time to address the motion and has not articulated what evidence or argument she would have presented, if given more time, that would have made any difference in the outcome.

Plaintiff argues the trial judge erred in dismissing the case because "an application for dismissal pursuant to Rule 4:37-2(b) is properly made after a plaintiff has presented all the evidence and rested in his or her case." Thus, according to plaintiff, the judge should have allowed her to present her case, such as it was, and then address defendant's motion under Rule 4:37-2(b). The problem with that argument is that plaintiff did not make it to the trial judge; she did not argue consideration of the motion was premature under

10 <span>A-2101-22</span>

Rule 4:37-2(b).  See Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying "well-settled" principle that appellate court will not consider an issue that was not raised before the trial court).  And under certain circumstances, consideration of a dismissal motion before the completion of the plaintiff's case is appropriate.  See, e.g., Ritondo by Ritondo v. Pekala, 275 N.J. Super. 109 (App. Div. 1994) (affirming order granting a Rule 4:37-2(b) dismissal motion made before the end of the plaintiff's case but after the plaintiff's sole expert witness on the standard of care had failed to support plaintiff's case in his testimony).  There's no dispute that had the judge waited to decide the motion until after plaintiff testified and ended her case, the result would have been the same:  without a medical expert to present objective clinical evidence, plaintiff could not prove her case and her verbal-threshold claim could not be sustained as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-2101-22