NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2245-23

REAGAN BRANCH,

    Plaintiff-Respondent,

v.

ALPEREN S. ORTA OF PIO
CARS, LLC,

    Defendant-Appellant.

_____

Submitted May 21, 2025 – Decided July 8, 2025

Before Judges Currier and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-006712-23.

Bastarrika, Soto, Gonzalez & Somohano, LLP, attorneys for appellant (Franklin G. Soto, on the brief).

Reagan Branch, respondent pro se.

PER CURIAM

    Defendant, Alperen S. Orta of Pio Cars, LLC, appeals from a February 22, 2024 default judgment entered against it following a proof hearing, on behalf of

plaintiff, Reagan Branch. The trial court held the proof hearing after denying defense counsel's request for a one-hour ready-hold. Because we conclude defendant's request should have been granted, we vacate the judgment and remand the matter for trial.

The case was scheduled for trial on February 22, 2024. Prior to this trial date, the matter had been "adjourned on several occasions." The record reflects the case had proceeded for "almost a year" and the parties had unsuccessfully tried to reach a resolution. The clerk's December 2023 notice advised the parties that "[n]o further adjournments or [r]eady[-h]olds will be granted."

Nevertheless, on Sunday, February 21, 2024, counsel for defendant wrote to the court and "respectfully requested that the . . . matter be ready[-]hold" for an hour later than the scheduled trial start time. Counsel explained he was "scheduled for trial" at a different courthouse. He also stated he left plaintiff "a detailed voicemail."

On the day of trial, the trial "[c]ourt entered a default at the call." The court stated counsel "had asked for a ready[-]hold on an unrelated matter" but this "matter was . . . set down specifically for trial." However, the court was misadvised because counsel's letter referenced this matter. The court noted it would "[n]ormally . . . extend the courtesy to counsel, but [it was] sure

2

[plaintiff's] patience [wa]s at an end." The court proceeded with a "proof hearing" and entered judgment against defendant.

On appeal, defendant contends the trial court misused its discretion because the "[r]eady[-h]old [wa]s in essence a request for a brief adjournment, which in this case was roughly a brief delay for an hour." Defendant asserts that "counsel was seeking a minor delay due to a scheduling conflict." In addition, defendant argues "the sins of the legal advocate should not be visited on the blameless litigant."

An appellate court will reverse for failure to grant an adjournment only if the trial court misused its discretion, causing a party a "manifest wrong or injury." State v. Hayes, 205 N.J. 522, 537 (2011) (quoting State v. McLaughlin, 310 N.J. 242, 259 (1998)).

In exercising discretion when counsel is not available, the trial court must consider "'the salutary principle that the sins of the advocate should not be visited on the blameless litigant,' and, . . . 'the court's strong interest that management of litigation, if it is to be effective, must lie ultimately with the trial court and not counsel trying the case.'" Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 574 (2003) (first quoting Aujero v. Cirelli, 110 N.J. 566, 573 (1988);

and then quoting Rabboh v. Lamattina, 312 N.J. Super. 487, 492 (App. Div. 1998)).

Ultimately, "[c]ases should be won or lost on their merits and not because litigants have failed to comply precisely with particular court schedules, unless such noncompliance was purposeful and no lesser remedy was available." Irani v. K-Mart Corp., 281 N.J. Super. 383, 387 (App. Div. 1995) (quoting Connors v. Sexton Studios, Inc., 270 N.J. Super. 390, 395 (App. Div. 1994)).

Applying these well-established principles, we conclude the trial court should have permitted the one-hour adjournment. The adjournment was brief and did not seek a different trial date. There is no evidence that counsel's request was made for any reason other than that he had a scheduling conflict. Moreover, defendant was denied a trial on the merits and was harmed by the entry of the judgment. Under these circumstances, the court should have accorded the brief delay and waited until counsel arrived.

Vacated and remanded for trial. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2245-23