JAMES M. CANINO AND KATHLEEN RAPHAEL, EXECUTRIX OF THE ESTATE OF ALVIN RAPHAEL, DECEASED, PLAINTIFFS-RESPONDENTS, v. D.R.C. COMPANY, ET AL., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1986—Decided October 1, 1986.

Before Judges MICHELS, O'BRIEN and LANDAU.

*Thomas L. Weisenbeck* argued the cause for appellant James P. Dugan (*Hannoch Weisman,* attorney; *Thomas L. Weisenbeck,* on the brief).

*Raymond Barto* argued the cause for respondents (*Warren J. Kaps & Associates,* attorneys; *Raymond Barto* and *Warren J. Kaps,* on the brief).

The opinion of the court was delivered by

LANDAU, J.S.C. (temporarily assigned).

Here James P. Dugan appeals from an order adjudicating him to be in contempt of court for failing to complete his testimony at a deposition ordered by the court. The trial judge based his order on the authority of *R.* 4:23–2(b)(4) which authorizes a court to treat, "... as a contempt of court the failure to obey any [discovery] orders...."

The principal issue raised on appeal is whether such an order may be issued under the court's inherent powers without complying with the procedures set forth in *R.* 1:10–1, *et seq.* We conclude that it may not.

■ The notice of appeal also includes the court's award of counsel fees and costs related to the motion. As this issue has not been briefed by appellant, it is deemed abandoned.

The order of contempt resulted from plaintiff's motion which sought to compel compliance with a discovery order in a Chancery lawsuit. The motion, brought under *R.* 4:23–2, also requested that Dugan, who is an attorney at law, be held in contempt of court for his asserted failure to comply with an earlier order to testify at depositions. Contempt was summarily adjudicated on return of the motion without adopting the procedures of either *R.* 1:10–1 or *R.* 1:10–2.

The critical ordering paragraphs read:

(1) Defendant, James P. Dugan, be and hereby is held and adjudged to be in *Contempt of Court* in that he violated a bench ruling rendered by the court on September 13, 1985 which was included in a consent order executed on September 26, 1985.

(2) Defendant, James P. Dugan, as a result of said contempt, is herewith *fined the sum of $1,000* to be paid on or before November 15, 1985, by his attorney's check made *payable to the Clerk of Hudson County,* such check to be forwarded to the court for deposit with the Clerk. (Emphasis Supplied)

The transcript of the motion proceedings, as well as the language of the order quoted above make clear that the "fine" of $1,000 was imposed as a sanction and penalty for violation of the court's previous order. Plainly, it did not compel future

compliance, nor did it indirectly compensate the aggrieved party for additional costs incurred as a result of noncompliance.

Perusal of the evolution of *R.* 4:23–2 demonstrates that the inherent authority of a court to impose what was referred to as a "fine" in a "civil contempt" was based on the notion of a "compensatory fine" indirectly reimbursing an aggrieved party for costs engendered by reason of the "civil contempt." See, *Schnitzer and Wildstein, New Jersey Rules Serv.,* AIV–760. This power has been retained by the drafters of *R.* 4:23–2(b) by adopting the following language:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

This is consistent with the distinctions drawn by Chief Justice Weintraub in his landmark opinion in *N.J. Dept. of Health v. Roselle,* 34 *N.J.* 331 (1961). There, the power to compensate an injured litigant for loss of the benefit of the order which was dishonored was expressly recognized. *Roselle, id.* at 338.

Consistently, too, the drafters of *R.* 4:23 codified the court's further power to treat a failure to obey its discovery order as a "contempt of court." Thus the rule preserves both the compensatory and punitive "fining" powers but specifically consigns the latter to be treated as a "contempt." These rule modifications were made subsequent to the *Roselle* decision. It is inconceivable that the drafters ignored the teachings of *Roselle* when using the word "contempt." As there enunciated,

> The word 'contempt' signifies a public offense ... The contempt, *i.e.,* the public wrong, consists of a defiance of governmental authority ... The act or omission must be accompanied by a *mens rea,* a willfulness, an indifference to the court's command ... If a man is alleged merely to be in 'contempt' he may not know whether he is hailed to answer a criminal charge or to respond to a prayer for supplemental relief for the adversary party. Yet the object of the proceeding is of great moment, for if it is criminal, he is entitled to the safeguards accorded one charged with crime.... [*Roselle, id.,* at 337–338.]
> In general, contempt includes disobedience of a court order or misbehavior in the presence of the court by any person or misbehavior by an officer of the court in his official transactions ... The essence of the offense is defiance of

public authority ... A [contempt] defendant is entitled to certain safeguards accorded criminal defendants. These safeguards include the presumption of innocence, the privilege against self-incrimination, the right of cross-examination, proof of guilt beyond a reasonable doubt, and the admissibility of evidence in accordance with the Rules of Evidence. [*In re Yengo*, 84 *N.J.* 111, 119–120 (1980).]

■ Neither the trial court nor this court is at liberty to ignore the adjudicated nature of contempt in this State as a criminal procedure, and the requirement that, depending on the circumstances, it be handled under *R.* 1:10–1 or *R.* 1:10–2.

The foregoing conclusions make it unnecessary to consider the other issues raised by the parties.

Rule 2:10–4 provides that every summary conviction for contempt shall be reviewable on the law and the facts. Inasmuch as the facts have not been developed under the appropriate procedural safeguards of *R.* 1:10–1 *et seq.*, we reverse the judgement of contempt, vacate the fine, and remand to the trial judge who shall determine whether he wishes the matter to proceed as a contempt of court. If so, the procedure of *R.* 1:10–2 should be employed. We affirm imposition of counsel fees and litigant's costs as an appropriate sanction under *R.* 4:23.