760 A.2d 812 (2000)
334 N.J. Super. 630
Jeffrey WOLFE and Rosanna Wolfe, his wife, Plaintiffs-Appellants,
v.
Marc MALBERG, M.D., St. Peter's Medical Center, Danek Medical, Inc. and Sofamor Danek Group, Inc., Defendants-Respondents, and
Nicole Einhorn, M.D., Defendant.
Superior Court of New Jersey, Appellate Division.
Submitted September 27, 2000.
Decided October 27, 2000.
*814 Ominsky & Messa, Marlton, attorneys for appellants (Joseph L. Messa, Jr., of counsel; Andrew D. Swain, Philadelphia, PA, and Laurence M. Kagan, on the brief).
Pepper Hamilton, Philadelphia, PA, attorneys for respondents Sofamor Danek Group, Inc. and Danek Medical Inc. (David Richman and James M. Beck, Philadelphia, PA, of counsel; Laurie H. Polinsky, on the brief).
Thomas B. Leyhane and Associates, Lawrenceville, attorneys for respondent Mark Malberg, M.D. (Mary Elizabeth Gazi, on the brief).
Amdur, Boyle, Maggs & McGann, attorneys for respondent St. Peter's Medical Center rely on the brief of respondent Mark Malberg, M.D.
Before Judges KING, KLEINER and COBURN.
*813 The opinion of the court was delivered by COBURN, J.A.D.
In this medical malpractice action, the trial judge concluded that defendants' ability to engage in discovery was impeded by the conduct of both plaintiffs' attorney and their expert witness. He also held plaintiffs' attorney in contempt of court. In two orders dated October 6, 1999, the judge directed that plaintiffs' attorney pay $1,000 to the court for violation of a case management order; $10,800 to the court for improper objections at a deposition; $5,135.50 to defendants as reimbursement for counsel fees and costs incurred in participating in the deposition; and $1,000 to the court for contempt. In addition to those assessments, which total $17,935.50, the judge ordered that defendants would not be required to pay plaintiffs' expert's fees for the depositions, barred plaintiffs' liability expert from testifying, and, since plaintiffs could not prove their case without expert testimony, granted summary judgment to all defendants. Plaintiffs appeal.[1] We reverse.

I
The trial judge found, while conducting a telephonically argued motion on July 29, 1999, that during a defense deposition of plaintiffs' expert witness, plaintiffs' attorney objected on fifty-four occasions in a manner that the judge concluded flagrantly violated R. 4:14-3(c). He did not specify in any instance why he believed the objection was improper, although from some of his comments it would appear that in general he believed the objections were designed to assist the expert in providing answers helpful to plaintiffs' case. He sanctioned plaintiffs' attorney "$200 for each of the 54 violations that defense counsel have alleged" for a total of $10,800. Without referring to any particular provision of the prior order, he found that plaintiffs' attorney "flagrantly violated [his] case management order" and he sanctioned plaintiffs' attorney $1,000. At another point, he said that plaintiffs' attorney had "violated the spirit of that case management order with [his] obstructionist tactics" and as far as he was concerned, "that was an outright violation of the case management order." The judge also found, again without specificity, that the depositions were "a farce and that defense counsel do not need to pay for them." Finally, because of the unspecified violation of the case management order, he dismissed plaintiffs' case.
During the argument of this motion, a dispute arose among counsel as to whether defendants had agreed to pay a particular fee to plaintiffs' expert in excess of that ordered by the judge. The judge determined that plaintiffs' attorney might have *815 made a misrepresentation to the court on this issue during the telephonically argued motion, and, as a result, orally directed that he show cause on a subsequent date as to why he should not be held in contempt of court. The judge noted that "under the circumstances everybody deserves a chance to testify in front of [him] so that [he] can see them." (Emphasis added.)
On the subsequent date, September 7, 1999, the judge, conducting the hearing over plaintiffs' attorney's objection, elicited representations from counsel on both sides, and then, without taking any testimony, found that plaintiffs' attorney's version of what had transpired during his conversations with opposing counsel was untrue. He proceeded to hold the attorney in contempt and fine him $1,000 under R. 1:10-1.
Thereafter, counsel for defendants Sofamor Danek Group, Inc. and Danek Medical Inc. moved for counsel fees to reimburse them for the expenses incurred in the deposition of plaintiffs' expert. Without making any findings of fact, the judge entered an order requiring plaintiffs' attorney to pay these defendants' costs and counsel fees totaling $5,135.50.

II
The judge erred in holding the attorney in contempt of court under R. 1:10-1.[2] Assuming for the moment that the attorney made a misrepresentation during the telephonically argued motion, a point that even the judge assumed could not then be determined, that conduct did not obstruct the proceedings. Therefore, subsection (a) of the rule was not satisfied. Furthermore, subsection (d) of the rule was not satisfied since immediate adjudication was not "necessary to permit the proceeding to continue in an orderly and proper manner[.]" The judge recognized that testimony would be required to establish whether a misrepresentation had been made, but in the subsequent hearing he took no testimony, relying instead on the unsworn representations of defense counsel. Since testimony was required, the judge would have had to proceed under R. 1:10-2, but he followed none of the procedures called for by that rule. Therefore, the order holding the attorney in contempt is reversed.

III
We turn to the $1,000 fine for violating the "spirit" of the case management order and the $10,800 fine for unspecified but supposedly improper objections during the deposition of the plaintiffs' expert witness. The judge made these assessments without reference to any supporting rule or case law.
Although a court has the inherent power in appropriate circumstances to sanction an attorney, see, e.g., Pontidis v. Shavelli, 296 N.J.Super. 420, 424, 686 A.2d 1275 (App.Div.1997), the particular sanctions must accord with the law. Generally, *816 financial sanctions, other than those imposed pursuant to R. 1:10-1 and 10-2, are limited to orders requiring reimbursement of the fees and expenses of a party. See, e.g., R. 1:10-3; R. 4:10-3; R. 4:23-1(c); R. 4:23-2(b); Canino v. D.R.C. Co., 212 N.J.Super. 620, 515 A.2d 1267 (App. Div.1986); and Ridley v. Dennison, 298 N.J.Super. 373, 380-81, 689 A.2d 793 (App. Div.1997), wherein the court had this to say:
We do not dispute the view that a monetary sanction imposed pursuant to R. 1:10-3 is a proper tool to compel compliance with a court order. See Franklin Township v. Quakertown, 274 N.J.Super. 47, 55-56, 643 A.2d 34 (App. Div.1994). We are convinced, however, from the tenor of the judge's ruling and order imposing the penalties and sanctions, which included the assessment of all counsel and therapy fees, that these sanctions constituted specific and overt punishment for what the judge concluded was defendant's improper conduct over the years in failing to facilitate the court's past visitation orders. The court's action in this regard was so overwhelmingly punitive as to be improper without the benefit of a proceeding under R. 1:10-2 and its safeguards. Therefore, even if there were a proper factual basis for the judge's conclusions of defendant's culpability, the procedure employed was insufficient to warrant the action which he took.

[Id. at 381, 689 A.2d 793.]
In appropriate circumstances a court may impose court costs under R. 1:2-4(a), Oliviero v. Porter Hayden Co., 241 N.J.Super. 381, 390-91, 575 A.2d 50 (App. Div.1990), but this case did not involve any of the bases for such an assessment referred to by that rule. Moreover, the judge did not justify the fines imposed by reference to any imposition on the court's resources, as was the case in Oliviero. In short, the sanctions of $1,000 and $10,800 were precisely the kind of specific and overt punishment that Canino teaches cannot be imposed without institution of appropriate proceedings under R. 1:10-1 or 10-2. Therefore, these sanctions are reversed.

IV
The $5,135.50 counsel fee award for attendance at the plaintiffs' expert's deposition, unsupported by any specific findings of fact, makes no sense when combined with the dismissal of plaintiffs' case. This type of assessment assumes that because of misconduct the deposition will have to be taken again. The award is for the attorney's wasted time and is designed to protect the other side against unnecessary expenses. Cf. Oliviero v. Porter Hayden Co., supra, 241 N.J.Super. at 388, 575 A.2d 50 (App.Div.1990). In the circumstances of this case, the award was purely punitive. Although we are reversing the order dismissing the case, we are still confronted with an award of counsel fees unsupported by any findings of fact. Although fees may be warranted, we cannot tell whether that is so in light of the judge's failure to make the necessary findings. Golden Estates v. Continental Cas. Co., 317 N.J.Super. 82, 91, 721 A.2d 307 (App.Div.1998). The award of counsel fees is reversed and remanded for further consideration by the trial judge. Plaintiffs have not addressed that portion of the order relieving defendants from paying for the deposition fees of plaintiffs' expert witness. Therefore, we will not consider it. See, e.g., Matter of Bloomingdale Convalescent Ctr., 233 N.J.Super. 46, 48 n. 1, 558 A.2d 19 (App.Div.1989).

V
Last, we consider the trial judge's decision barring plaintiffs' expert from testifying at trial and dismissing plaintiffs' case. The governing principles are set forth in Abtrax Pharm., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 655 A.2d 1368 (1995):
In respect of the ultimate sanction of dismissal, this Court has struck a balance *817 by instructing courts to impose that sanction "only sparingly." Zaccardi, supra, 88 N.J. at 253, 440 A.2d 1329; see Georgis, supra, 226 N.J.Super. at 250, 543 A.2d 1043. "The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order for discovery goes to the very foundation of the cause of action, or where the refusal to comply is deliberate and contumacious." Lang, supra, 6 N.J. at 339, 78 A.2d 705 (citations omitted); see Allegro, supra, 9 N.J. at 160-61, 87 A.2d 430; Johnson v. Mountainside Hosp., 199 N.J.Super. 114, 119, 488 A.2d 1029 (App.Div.1985). "Since dismissal with prejudice is the ultimate sanction, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party, or when the litigant rather than the attorney was at fault." Zaccardi, supra, 88 N.J. at 253, 440 A.2d 1329 (citations omitted); see Johnson, supra, 199 N.J.Super. at 119, 488 A.2d 1029. Moreover, the "imposition of the severe sanction of dismissal is imposed not only to penalize those whose conduct warrant it, but to deter others who [might] be tempted to violate the rules absent such a deterrent." Zaccardi v. Becker, 162 N.J.Super. 329, 332, 392 A.2d 1220 (App. Div.), certif. denied, 79 N.J. 464, 401 A.2d 221 (1978).
The scarcity of cases ordering dismissal demonstrates that trial courts have heeded our admonition to impose sparingly the ultimate sanction of dismissal. Cf. Aujero, supra, 110 N.J. at 580, 542 A.2d 465 (stating that "[j]udges, no less than lawyers, strain to avoid the ultimate sanction of dismissal of an affirmative claim or striking of a responsive pleading" for failure to answer interrogatories); Crews, supra, 141 N.J.Super. at 96, 357 A.2d 300 (stating that courts are reluctant "to invoke the sanction of dismissal where lesser measures [are] appropriate" for failure to answer interrogatories). However, a party invites this extreme sanction by deliberately pursuing a course that thwarts persistent efforts to obtain the necessary facts.
[Id. at 514-15, 655 A.2d 1368.]
Under those guidelines, the dismissal was improper. In the instant case, there is no respect in which the plaintiffs themselves wrongfully contributed to the events leading to the dismissal. The trial judge's criticism, albeit general, was directed solely at the way the expert answered questions and the manner in which plaintiffs' attorney conducted himself at the deposition of the expert. The rules of court include numerous procedural devices for dealing with problems of that nature short of dismissal, including the power to require a deponent whose misconduct caused unnecessary expense in relation to a deposition to reimburse the other side for counsel fees and costs. R. 4:23-1(c). The judge made no specific findings that would have justified barring plaintiffs' expert from testifying. Therefore, we reverse that aspect of the order. To the extent that the expert acted inappropriately, the judge should be able to craft an order that will govern his behavior at the future deposition. If it appears at a subsequent date that there are grounds for barring the expert from testifying, before dismissing the case, the judge should give plaintiffs a reasonable opportunity to retain another expert. Similarly, before dismissing plaintiffs' case based on the conduct of their attorney, the attorney should be afforded another opportunity to participate in the deposition in accordance with the standards enunciated by R. 4:14-3(c). If he is incapable of conducting himself appropriately, plaintiffs should be given the opportunity to retain other counsel before the severe sanction of dismissal is imposed.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] Plaintiffs' attorney did not list himself as an appellant; however, since the clear import of the notice of appeal was that he was himself appealing the sanctions imposed on him, we will consider the appeal as if it had correctly listed him as an appellant in addition to plaintiffs.
[2] 1:10-1. Contempt in Presence of Court

A judge conducting a judicial proceeding may adjudicate contempt summarily without an order to show cause if:
(a) the conduct has obstructed, or if continued would obstruct, the proceeding;
(b) the conduct occurred in the actual presence of the judge, and was actually seen or heard by the judge;
(c) the character of the conduct or its continuation after an appropriate warning unmistakably demonstrates its willfulness;
(d) immediate adjudication is necessary to permit the proceeding to continue in an orderly and proper manner; and
(e) the judge has afforded the alleged contemnor an immediate opportunity to respond.
The order of contempt shall recite the facts and contain a certification by the judge that he or she saw or heard the conduct constituting the contempt and that the contemnor was willfully contumacious. Punishment may be determined forthwith or deferred. Execution of sentence shall be stayed for five days following imposition and, if an appeal is taken, during the pendency of the appeal, provided, however, that the judge may require bail if reasonably necessary to assure the contemnor's appearance.