59 A.3d 604

VALERIE D. HERRICK AND JAMES O. HERRICK, PLAINTIFFS,
v. ADRIAN L. WILSON, JR., THOMAS MEGONIGLE AND
TRUMP TAJ MAHAL, DEFENDANTS.

Superior Court of New Jersey
Law Division
Atlantic County

Decided January 27, 2011.

*Roy J. Thibodaux, III* for plaintiffs (*Berkowitz, Lichstein, Kuritsky, Giasullo and Gross,* attorneys).

*Jeffrey R. Lindsay* for defendants Adrian L. Wilson, Jr. and Trump Taj Mahal (*Cooper, Levenson, April, Niedelman and Wagenheim,* attorneys).

*Cindy Shera* for defendant Thomas Megonigle (*Debra Hart,* attorney).

MARCZYK, J.S.C.

## I.  *FACTS AND PROCEDURAL HISTORY*

The issue in this case is whether or not a defendant, in the context of a personal injury action, must produce a copy of video surveillance of the accident at issue in the law suit prior to the deposition of the plaintiff.

On May 6, 2009, plaintiffs Valerie and James Herrick ("plaintiffs") were allegedly struck by a motor vehicle and injured while walking across a valet service road adjacent to the Trump Taj Mahal Casino ("defendant") in Atlantic City, New Jersey.  At the time of the incident, the motor vehicle, owned by Thomas Megonigle, was being operated by defendant Adrian L. Wilson ("Wilson"), an employee at defendant Trump Taj Mahal Casino.  This event

was captured on security cameras owned and operated by defendant.

On August 18, 2010, plaintiffs served supplemental interrogatories and a notice to produce documents upon defendant, requesting that the videotape of the incident be produced. Defendant refused to produce the videotape and, on November 17, 2010, plaintiffs filed a motion to strike the answer and suppress the separate defenses of defendant for failure to provide discovery, specifically the videotape footage of the incident. In opposition to the instant motion, defendant asserts that plaintiffs' review of the videotape prior to the taking of their depositions would preclude defendant from obtaining plaintiffs' independent recollection of the accident. Rather, defendant argues that plaintiffs may unintentionally or intentionally adopt the video footage as their own recollection of the event. Relying on *Jenkins v. Rainner*, 69 *N.J.* 50, 350 *A.*2d 473 (1976), defendant maintains that it is entitled to obtain the plaintiffs' independent, unfettered recollection of the events prior to production of the video at issue.

In contrast, plaintiffs submit that the New Jersey Court Rules expressly require the identification and production of video footage of the underlying incident. Specifically, plaintiffs note that Form C Uniform Interrogatory # 9 requires each defendant in a personal injury case to not only describe, but also to attach a copy of any photographs, videotapes, or other forms of electronic recordings made with respect to anything that is relevant to the subject matter of the complaint. Moreover, plaintiffs note that *Rule* 4:17–1(b)(4) provides, "[e]xcept as otherwise provided [e.g., where a claim of privilege is made or where the information is the subject of a protective order,] every question propounded by a uniform interrogatory must be answered unless the court has otherwise ordered." As defendant has not asserted that the videotape is privileged, plaintiffs contend that, pursuant to the *Rule* 4:17–1(b)(4), it is entitled to production of the videotape prior to plaintiffs' depositions.

At this juncture the court must determine whether defendant is required to produce the videotape depicting the actual accident prior to plaintiffs' depositions. This appears to be an area of first impression in the state of New Jersey.[1]

## II. DISCUSSION

██ As a threshold matter, the videotape at issue is clearly discoverable pursuant to *Rule* 4:10–2. Defendant does not dispute that the video surveillance, which depicts the underlying incident, is relevant to the subject matter of this litigation. Moreover, defendant has not claimed that the videotape is privileged. Rather, defendant, relying on *Jenkins, supra,* 69 *N.J.* 50, 350 *A.*2d 473, seeks to postpone production of the videotape until plaintiffs have been deposed.

In *Jenkins,* the Supreme Court addressed whether the defendants, who had obtained post-accident surveillance of the plaintiff taken over two years after the underlying incident and three months after the plaintiff was deposed, could make the production of the surveillance contingent upon the plaintiff appearing for a second deposition. *Id.* at 53–55, 350 *A.*2d 473. The defendants, in that matter, resisted disclosing the video surveillance based on their claim that the video was prepared in anticipation of litigation and, therefore, was protected against disclosure pursuant to the work-product doctrine. *Id.* at 53, 350 *A.*2d 473. The *Jenkins* Court ultimately held that the video surveillance had to be produced by the defendant, but only after the plaintiff was deposed again. *Id.* at 60, 350 *A.*2d 473. The Court did not specifically consider the question at issue, that is, whether video surveillance of the incident giving rise to the lawsuit must be produced in the

---

[1] Other jurisdictions have addressed this issue, arriving at inconsistent results. *See Rankin v. Waldbaum, Inc.,* 176 *Misc.*2d 184, 185, 670 *N.Y.S.*2d 1023 (N.Y.Sup.Ct.1998) (granting protective order permitting defendant to produce videotape surveillance after plaintiff's deposition); *but see Bell v. Treasure Chest Casino, L.L.C.,* 950 *So.*2d 654, 656 (La.2007) (compelling production of videotape surveillance prior to plaintiff's deposition).

normal course of discovery prior to plaintiffs' depositions. In fact, the Court noted that "there may be circumstances which would compel deviation from the general rule" and left specific inquiries to the trial court's discretion. *Id.* at 59, 350 *A*.2d 473.

This court finds that the holding in *Jenkins* is not controlling given the facts presented in this case. Specifically, the surveillance at issue in the *Jenkins* case was conducted well after the lawsuit was filed and after the plaintiff's deposition, whereas the videotape at issue in this matter is from the actual incident giving rise to this litigation. The court finds that there is a fundamental difference between video surveillance prepared during the course of litigation for the purpose of impeachment and routine surveillance conducted in the normal course of business, outside the context of litigation, which shows the actual incident. This court finds that the holding in *Jenkins* only applies to video surveillance specifically prepared in anticipation of litigation. As such, defendant has not provided any authority for the proposition that the video surveillance in this case should not be produced prior to plaintiffs' depositions.

Analyzing the New Jersey Court Rules, the court finds that the video surveillance requested is discoverable pursuant to *Rule* 4:10–2, *Rule* 4:17, and *Rule* 4:18. The Court Rules do not allow parties to unilaterally pick and choose which discovery they will produce and in what order. A contrary interpretation would allow parties to manipulate the discovery process by withholding certain discovery in an effort to obtain a strategic advantage in the litigation. Our Court Rules do not provide for an exception for delaying the production of certain evidence that one party determines would be better produced after a party's deposition. To allow defendant to withhold this discovery would fundamentally change how pretrial discovery is conducted and allow parties to delay production of certain discovery to gain an upper hand in the litigation. There is simply no sound reason to treat the video surveillance at issue differently from other routine discovery such as prior statements or admissions made by a party. If defendant

is permitted to withhold the video surveillance, it would open the floodgates of motion practice. Parties would begin to routinely refuse to produce all evidence that would be more beneficial to produce after depositions are conducted.

The court would note that "[t]he discovery rules were designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits to the end that judgments rest upon real merits of the causes and not upon the skill and maneuvering of counsel." *Oliviero v. Porter Hayden Co.,* 241 *N.J.Super.* 381, 387, 575 *A.*2d 50 (App.Div.1990). "A lawsuit is not a parlor game; it is a solemn search for truth conducted by a court of law." *Kurdek v. W. Orange Bd. of Educ.,* 222 *N.J.Super.* 218, 226, 536 *A.*2d 332 (Law Div.1987). " '[P]retrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.' " *Kernan v. One Wash. Park Urban Renewal Assoc.,* 154 *N.J.* 437, 467, 713 *A.*2d 411 (1998) (quoting *U.S. v. Procter & Gamble Co.,* 356 *U.S.* 677, 78 *S.Ct.* 983, 2 *L.Ed.*2d 1077 (1958)). "Modern litigation is too time consuming and expensive for Courts to tolerate discovery abuses. For over fifty years, Courts have endeavored to transform civil litigation from a battle royal to a search for truth." *Id.* at 467, 713 *A.*2d 411.

Defendant has expressed concerns that if the video surveillance in question is produced prior to plaintiffs' deposition, then plaintiffs' unfettered, independent recollection will "be forever tainted." This argument is not without merit. Nevertheless, the same argument could be advanced with respect to a practically limitless list of frequently produced discovery, including, but not limited to, police reports, witness statements, party admissions, emails, and photographs. To illustrate the problems with the argument made by the defense, the court notes that pursuant to *Rule* 4:10–2, a party may obtain, without the required showing under *Rule* 4:10–2(c), a statement concerning the action or its subject matter previously made by that party. If the accident at issue in this case occurred three years ago and plaintiff made a statement on

the day of the incident to one of defendant's representatives, defendant could argue, using the same rationale utilized in this case, that the statement should not be produced until after plaintiffs' deposition to enable a fair evaluation of plaintiffs' credibility and/or recollection of the incident. The Court Rules, however, do not allow for defendant to withhold such a statement. The same is true with respect to the video surveillance at issue in this matter. Allowing defendant to withhold the video surveillance until after plaintiffs' depositions would lead to a slippery slope where, potentially, all discovery could be withheld out of concern that the information/material may influence or alter a party's deposition testimony.

Addressing an analogous issue, The United States District Court for the Eastern District of Pennsylvania, in *Babyage.com v. Toys 'R' Us*, 458 *F.Supp.*2d 263 (E.D.Pa.2006), held that the plaintiff must produce recordings and transcripts of certain conversations that were surreptitiously recorded. Discussing the underlying purpose of the civil discovery rules, the Court noted that "[t]he retailer plaintiffs have offered no rationale ... as to why surreptitious recordings should be singled out from any other document, written or electronic. All such documents have the potential for impeachment." *Id.* at 265. The court went on to comment, "There is no reason to believe that a party that would alter testimony to match it to recorded statements would not do the same with regard to e-mails or other such records." *Ibid.* Significantly, the court concluded that there was "no basis for giving an audio recording exemplary treatment." *Ibid.* So too in the case at bar, there is no reason to treat video surveillance differently from other discovery.

Finally, defendant contends that delaying the production of the videotape will not prejudice plaintiffs as they presumably have the best recollection of the incident. However, *Rule* 4:10–2(a) specifically provides that "it is not a ground for objection that the examining party (here the plaintiff) has knowledge of the matters as to which discovery is sought." In short, the court finds that

neither our case law nor the New Jersey Court Rules support defendant's position.

## III.  *CONCLUSION*

For the foregoing reasons, defendant is hereby ordered to produce the videotape surveillance within ten days of this order.